BARBARA HALBUR et al., Appellants, v. HENRY SINGSANK et al., Appellees.

**DEEDS: Validity—Fraud and Undue Influence—Evidence.** Evidence reviewed, and held wholly insufficient to set aside deeds on the grounds of fraud and undue influence.

*Appeal from Carroll District Court.*—E. G. ALBERT, Judge.

DECEMBER 11, 1924.

ACTION to set aside two deeds, on the grounds of fraud and undue influence. Petition was dismissed, and judgment for costs entered against plaintiffs. Plaintiffs appeal.—*Affirmed*.

*O. W. Emmons* and *E. A. Wissler*, for appellants.

*Lee & Robb*, for appellees.

ARTHUR, C. J.—Theo Singsank was the owner of two farms, located in Carroll County, Iowa, one containing 160 acres and the other 143.43 acres. He died on the 14th day of May, 1920. His wife preceded him in death many years. Surviving him as his children and only heirs at law were plaintiffs Barbara Halbur and Katie Hermsen, and defendants, Henry Singsank and John A. Singsank. Katie Hermsen died during the pendency of this action, and George H. Bartels, administrator of her estate, was substituted as plaintiff.

On May 1, 1920, Theo Singsank executed a deed of the 143.43-acre farm to his son Henry Singsank, and a deed of the 160-acre farm to his son John A. Singsank. It is these two deeds that are sought to be set aside in this action. The deeds were drawn and acknowledged by F. G. Schreck, a notary public and banker. At the same time the deeds were drawn, Schreck drew a will for Singsank, and it was signed and witnessed. At the same time, two notes of $8,000 each were drawn by Schreck, at the request of Theo Singsank, one running to Barbara Halbur, and the other to Katie Hermsen. These notes, by direction of Theo Singsank, were to be signed by the two boys, Henry and John, and were signed by them within a day or two, and left with Schreck at the bank. The grantor of the deeds, at the time they were executed, directed Schreck to have them recorded; and Schreck filed them for record, and they were duly recorded on May 4, 1920, in the office of the recorder of Carroll County. The will executed on May 1st was probated in July, 1920, and Henry and John were appointed and qualified as executors. Singsank had made a will some years before, and it was destroyed when the last will was executed, on May 1st. The record does not disclose the contents of either will. By direction of the executors, Schreck delivered the notes to the payees thereof, plaintiffs Barbara Halbur and Kate Hermsen, in July, 1920. The notes were signed by both Henry and John Singsank. The testimony introduced by plaintiffs, appellants, and appearing in their abstract presented on this appeal, does not, in any substantial degree, support the allegations of their petition, that the grantor, at the time the deeds were executed, was not of sufficient mental capacity to execute them, and that he was mentally incapable of understanding or comprehending the

results of such transaction; or that the deeds were made as a result of undue influence exerted upon the grantor by his sons Henry and John, or by any other person. On the contrary, the evidence introduced by plaintiffs themselves shows conclusively that the grantor was of sound mind, and fails to show that grantor was influenced in any way by the boys, or anyone else, to make the deeds. A statement made by the court at the close of all the evidence is amply supported by the record, and is very significant of the merits of the case. The court said:

"Gentlemen, I will say to you now, there is no use of your wasting any time in arguing the question of undue influence, because there is no evidence on which you can base such a claim; and there is no use of arguing the question of mental incapacity, because there is no evidence before the court on which you can base a claim of that kind."

Indeed, counsel in their argument say:

"If this were merely an action to set aside these two deeds on the ground of undue influence and mental incapacity, the record is possibly not strong enough to justify such a procedure."

Evasively, counsel argue that undue influence and mental incapacity, to a certain degree, were shown, and that fiduciary relations existed between the grantor and the grantees of the deeds; and that, when the deeds were drawn, on May 1st, appellants were not present; that they had been at the home of their father the day before; and that the boys knew that they would shortly return; and that the deeds were drawn in the interval between their leaving and returning. The intimation is that such time was selected for the drawing and execution of the deeds, and that someone outside of the family, who was present when the deeds were drawn, advised grantor how to draw the deeds and notes; and that a consideration of all such matters shows that a constructive fraud was perpetrated upon appellants, making the deeds invalid.

The record does not support the contention of appellants. No fiduciary capacity is shown, outside of relationship. The defendants did not live with their father, and he did not live with them. They did not transact his business. He attended to his own business affairs. He was not an old man,—he was sixty-

seven years of age. Neither of the defendants was present when the deeds were executed. One of the defendants asked the scrivener to come to the house and. draw some papers for his father; but the testimony shows without dispute,—the testimony of a neighbor who was present,—that the father directed the son to have Schreck come to the house and draw some papers for him. The boys did not know that the deeds had been made· to them until along in July, when they were informed by Schreck, about the time the $8,000 notes were delivered by Schreck to the daughters. From the testimony of the attending physician, who was a witness for plaintiffs, it appears that the elder Singsank had been suffering for some time from carcinoma of the stomach, which resulted in his death; that the medical treatment consisted of administering opiates, to alleviate pain; that no opiates were administered on the day the deeds were executed; that the condition of the patient and the opiates administered did not affect grantor's mind in any measure. The physician had known the patient for several years, and considered the grantor's mind, during the period of his last illness, to be perfectly sound and clear.

Other witnesses, including Rev. Father Huesmann, who was pastor of the church to which Singsank belonged, and who visited Singsank during his last illness, testified· that his mind was sound and clear, and that he understood the business he was transacting; that he personally directed everything that was done; that he even gave to the scrivener description of the lands placed in the deeds.

Extension of this opinion by further recital of evidence would profit no one. The record does not warrant disturbance of the deeds involved. Unquestionably, the decree of the lower court was right. The case is affirmed.—*Affirmed.*

EVANS, PRESTON, and FAVILLE, JJ., concur.